IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS DOUGLAS, JR., | ) | CASE NO. 1:11CV0586 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| CITY OF CLEVELAND, *et al.*, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* Cornelius Douglas Jr. filed this action under 42 U.S.C. § 1983 against the City of Cleveland, Frank M. Zagami, an Officer employed by the City and 10 John and Jane Does. Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 2).

Plaintiff alleges that agents of the City inspected his property and found violations. He agreed to have the repairs made. A few months later he was contacted by a contractor who informed him that an agent of the City had given him Plaintiff's name to have the contractor make the repairs. The contractor assured Plaintiff that his company was doing business with the City and was reputable. Plaintiff, believing that the City sent him the contractor, paid $1,000.00 to begin work on the roof. He also paid another contractor $3,5000.00 to work on the inside of the house.

Each contractor assured Plaintiff they were licensed to do business in the City. However, the contractors never returned. Plaintiff wrote to the City prosecutor regarding the needed repairs and the theft by the contractors. About a year later, the prosecutor contacted him and advised him that his complaint and concerns were being reviewed, and that if he agreed to pay his property taxes, the City would not have his property declared a hazard and destroyed. Plaintiff explained that after

the theft of his money, he could not make repairs and also pay taxes as he was on a fixed income. On July 25, 2007, his property was again inspected and 13 violations were found.  Between August and December 2007, Plaintiff discovered that the City has allowed the entire City to become a dumping site. He alleges that the City is discriminating against him because it has not threatened to tear down or demolish the properties it owns and has failed to protect the rights of senior citizens while allowing its white citizens to live, own and maintain properties that are waste sites, dumping cites and deplorable to the African American community. Zagami allegedly violated his right to due process by failing to investigate his complaints of theft and fraud.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Whenever there is a doubt about jurisdiction, the Court has the responsibility of considering *sua sponte* whether it exists. *Kentucky Press Ass'n, Inc. v. Kentucky,* 454 F.3d 505, 508 (6th Cir.2006)." If a claim is unripe, federal courts lack subject matter jurisdiction and the Complaint must be dismissed." *Arnett v. Meyers,* 281 F.3d 552, 562 (6th Cir.2002).  The Supreme Court has set forth two criteria to determine whether a claim is ripe for adjudication.  *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172 (1985).  First, "a claim that the application of government regulations effects a taking of a property interest is not ripe until

the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Id.* at 186. Second, "a takings claim is not ripe until the property owner seeks compensation through the procedures the State has provided for doing so." *Id.* at *194. See Monfort Supply Co. v. Hamilton County Bd. of Zoning Appeals*, 2006 WL 3692533 * 8 (S.D. Ohio, Dec. 12, 2006).

According to the Complaint, the City of Cleveland has not implemented any taking of Plaintiff's property. All that has occurred is the alleged threat. Plaintiff has not stated a procedural or substantive due process claim. *Peters v. Fair,* 427 F.3d 1035, 1038 (6th Cir.2005); *Hornbeak-Denton v. Myers*, 361 Fed.Appx. 684, 688 (6th Cir. 2010). Thus, this Court has no jurisdiction over this matter.

Further, Zagami must be dismissed as a party defendant. Plaintiff has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. *Colston v. McLeod*, 2011 WL 673941 * 7 (W.D. Mich., Feb. 17, 2011).

John and Jane Does are included as parties. However, there is nothing in the Complaint pertaining to them.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Date: May 18, 2011         s/Christopher A. Boyko
                           CHRISTOPHER A. BOYKO
                           UNITED STATES DISTRICT JUDGE